## Helen Neenan, Appellee, v. National Council of the Knights and Ladies of Security, Appellant.

### Gen. No. 19,874. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of facts. Opinion filed October 6, 1914. Rehearing denied November 4, 1914.

### Statement of the Case.

Action by Helen Neenan against National Council of the Knights and Ladies of Security to recover insurance alleged to be due plaintiff as beneficiary on a certificate issued to plaintiff's husband. From a judgment for plaintiff for $920, defendant appeals.

In plaintiff's declaration, which consisted of one count, it was alleged, in substance, that on September 3, 1908, the defendant admitted Jeremiah Neenan to membership in the local council, No. 741, of the Order, located in Chicago, and issued to him a beneficiary certificate, duly signed by the officers of the national council of the defendant society, and duly signed by said Neenan "for the purpose of accepting the conditions of said certificate"; that defendant by said certificate promised to pay plaintiff, wife of said Neenan, upon his death the sum of $1,000, upon the terms

and conditions in said certificate mentioned; that said
Neenan died on October 7, 1909, at Chicago, while in
good standing in said Order; that he during his life-
time, and plaintiff at all times since his death, complied
with all the requirements of the certificate and the laws
of the Order; that by means thereof defendant became
liable to pay plaintiff the sum of $1000; and that defend-
ant has refused to pay said sum or any part thereof,
wherefore there is due to plaintiff the said sum, to-
gether with interest thereon, at five per cent. per an-
num, from August 12, 1910, etc. The beneficiary cer-
tificate was set out *in haec verba* in the declaration,
and in one clause thereof it was provided that should
said Neenan die within eighteen months of the deliv-
ery of the certificate the National Council should be
liable for only eighty per cent. of said $1,000.

The defendant filed a plea of the general issue and
several special pleas, all of which, except the sixth,
were withdrawn. This sixth plea, as amended, alleged
in substance that the contract of membership between
the defendant and said Jeremiah Neenan was com-
posed of the certificate, application and by-laws of the
defendant society; that it was provided in the by-laws
that each member should pay one assessment each
month on or before the last day of the month; and that
if the member failed to pay said monthly assessment
on or before the last day of said month said member
should stand suspended without notice and all his
rights forfeited under said certificate, but that he
might reinstate himself at any time within sixty days
from the date of said suspension by the payment of
the current assessment and local council dues, and all
arrearages of any kind, *provided* he be *in good health;*
that by virtue of the contract between said Neenan
and the defendant society there became due on August
1, 1909, a certain assessment from said Neenan, pay-
able on or before the last day of said month of August,
and that there became due on September 1, 1909, a cer-
tain assessment from said Neenan, payable on or be-

fore the last day of said month of September; that said August assessment was not paid during said month of August or during said month of September, and said September assessment was not paid during said month of September; that said Neenan became suspended on September 1, 1909, and remained in suspension up to and including the time of his death, October 7, 1909, and was not a member of the defendant society in good standing at the date of his death, and that neither he, nor anyone in his behalf, while he was living and in good health, paid any assessment for the purpose of reinstating him; that on or about October 7, 1909, while said Neenan was in suspension and *not in good health*, assessments for the months of August, September and October, 1909, amounting to $4.50, were paid to the financier of said local council to which said Neenan belonged, and said payments were taken by said financier *without knowledge* on his part, or that of any officer or agent of the Order, that said Neenan was not in good health; that thereafter, and immediately upon defendant learning that said Neenan was not in good health when said payments were made and before the beginning of this suit, said financier sent to plaintiff a check for the amount of said payments, which check has not been returned but has been retained by plaintiff, and which check has been at all times of the value of said payments.

To this special plea the plaintiff filed a replication in which it was alleged, in substance, that said Neenan was a member of the defendant society in good standing, as provided for in said contract, up to and including the time of his death; that while living and in good health he paid all assessments due from him for the purpose of his reinstatement and which did reinstate him before he died; that on October 7, 1909, "while the said Neenan was in good health," assessments for said months of August, September and October,

amounting to $4.50, were paid to and taken by said financier and the latter did not return "to said Neenan" the amount paid by plaintiff.

A. W. FULTON, for appellant.

ANTOINETTE FUNK and F. PHILIP YOUNG, for appellee; WALTER T. STANTON and FRANK J. CORR, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 746*—*contract of insurance in fraternal beneficiary society.* The constitution and by-laws, the application for membership and the benefit certificate constitute the contract of insurance in a fraternal beneficiary society.

2. INSURANCE, § 741*—*when by-law of benefit society self-executing.* A by-law of a beneficiary society providing that a member who has not paid his assessments or dues on or before the last day of the month shall stand suspended without notice, etc., *held* self-executing and to cause a member who failed to comply with it to be *ipso facto* suspended and to forfeit all rights under his certificate.

3. INSURANCE, § 807*—*what not a reinstatement of a suspended member in a beneficiary society.* Under a by-law of a benefit society which provides that any member suspended for nonpayment of dues and assessments may be reinstated by payment of all arrearages within sixty days from date of suspension, if he is in good health at the time of reinstatement, a suspended member is not reinstated by the beneficiary causing the arrearages to be paid to the financier of the local lodge while the member was in the last stages of a mortal illness, where the financier accepted such payment without any knowledge of the member's illness, there being also a further provision in the by-law that the receipt and retention of assessments and dues, in case the suspended member is not in good health, shall not have the effect of reinstating him.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INSURANCE, § 793*—*what not a waiver of prompt payments of dues and assessments.* A private agreement between the beneficiary in the certificate of a member of a benefit society and the financier of the local lodge whereby the financier agreed to advance the assessments and dues for one month or more in case they were not paid by the member or the beneficiary held not to disclose any waiver on the part of the society with reference to the prompt payment of dues and assessments, for the reason it was not shown to have been known by the member or the principal lodge and that the agreement was beyond the scope of the authority of the financier to make.

5. INSURANCE, § 786*—*when evidence of custom to extend leniency in payment of dues and assessments incompetent.* In an action against a benefit society to recover insurance where the defense was that the member had by virtue of a by-law been *ipso facto* suspended for failure to make prompt payment of monthly assessments, evidence offered to show that leniency had been extended customarily by the local lodge to certain members thereof as to the payment of assessments held incompetent.